PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2000 Kia Sephia struck a rock in the road on Route 10 in Logan County. Route 10 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 5:25 p.m. on January 25,2005. It was a clear day. The speed limit on this road is forty-five miles per hour. Claimant Dorothy Rockhold was traveling on Route 10 towards Mitchell Heights at approximately forty miles per hour, when claimants’ vehicle struck a red rock that was located in the middle of the lane. She was unable to avoid the rock due to oncoming traffic and a vehicle traveling closely behind her. The photographs submitted as evidence demonstrate that the rock was approximately the size of a shoe box. Since the respondent’s Chapmanville substation is located near the area where this incident occurred, claimants allege that the rock originated from this substation. Ms. Rockhold stated that she noticed similar sized rocks located in stockpiles on respondent’s property. Claimants contend that the rock might have fallen from one of respondent’s trucks while it was hauling rocks. Although claimant has traveled on this road every day for the last four years, she has never noticed a rock on Route 10 prior to this incident. The amount of claimants’ insurance deductible is $500.00.
The position of the respondent is that it did not have notice of the rock on Route 10. Curley Belcher, Highway Administrator for respondent in Logan County, testified that respondent’s substation is located close to where this incident occurred. Mr. Belcher stated that respondent stockpiles rocks and other materials at this station. However, Mr. Belcher testified that most of the rocks at respondent’s station are gray, and he has never *98 seen any rocks at the Chapmanville substation with a red tint similar to the rock which claimant’s vehicle struck. In addition, he was not aware of any activity on or around January 25, 2005, which involved hauling rocks on Route 10.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimants have not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 10. Although the rock created a dangerous condition on the road, there is no evidence that respondent had notice of this hazard on Route 10. Furthermore, the Court concludes that the rock was unlikely to have fallen from one of respondent’s trucks since the rock in question had a red tint unlike the other rocks stockpiled at respondent’s substation. Although the Court is sympathetic to claimants’ plight, there is insufficient evidence of negligence on the part of respondent upon which to justify an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.